AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | |
| | ) | Case No.    5:26-MJ-147 (ML) |
| | ) | |
| | ) | |
| MADDESYN JONES, | ) | |
| | ) | |
| **Defendant(s)** | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of June 24, 2026 in the county of Jefferson in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 111 | Assaulting, Resisting, or Impeding Certain Officers or Employees |

This criminal complaint is based on these facts:
See attached affidavit

☒    Continued on the attached sheet.

LINDSEY R VALENTINO

Digitally signed by LINDSEY R VALENTINO
Date: 2026.06.24 17:39:49 -04'00'

*Complainant's signature*

Lindsey Valentino, Special Agent

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:    June 24, 2026

*Judge's signature*

City and State:    Binghamton, New York      Hon. Miroslav Lovric, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lindsey Valentino, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent employed by Homeland Security Investigations (HSI) and have been since September 2019. I successfully completed the Criminal Investigatory Training Program and the Homeland Security Investigations Special Agent Training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. Prior to working as a Special Agent, I was a United States Border Patrol Intelligence Agent (BPIA) and a Task Force Officer (TFO) with HSI's Border Enforcement Security Task Force (BEST) in Massena, New York. I have investigated and assisted in the prosecution of several federal and state crimes and executed several search warrants and arrest warrants for various state and federal felony crimes. Prior to working as an intelligence agent and a TFO, I was a United States Border Patrol Agent in Massena, New York and San Diego, California.

2. This affidavit is submitted in support of a criminal complaint charging Maddesyn JONES with a violation of Title 18 United States Code, Section 111, Assaulting, resisting, or impeding certain officers or employees.

3. I am familiar with the information contained in this affidavit based upon my participation in the investigation, and information provided to me by other law enforcement officers. Because this affidavit is submitted for the limited purpose of securing a criminal complaint, it may not contain all the information which I have learned during the course of this investigation. I have set forth only those facts that I believe are necessary to establish probable cause that Maddesyn JONES has violated Title 18, United States Code, Section 111.

**PROBABLE CAUSE**

4.      On June 21, 2026, Customs and Border Protection Officers (CBPO) at the Alexandria Bay Port of Entry received information regarding a White Honda Civic bearing New York License Plate KBN6943, (hereafter, the Target Vehicle). The Target Vehicle traveled north into Canada through the Lansdowne, Ontario Port of Entry, and refused to stop for inspection at the border. The Target Vehicle is registered to Maddesyn JONES of Lisbon, New York. Canadian Border Services Agents issued an immigration warrant for JONES for crimes related to her entry into Canada on that date.

5.      One June 24, 2026, at approximately 12:00 a.m., CBPO at the Alexandria Bay Port of Entry were notified that a white sedan, matching the description of the Target Vehicle, had bypassed the bridge payment section for the Thousand Islands Bridge Authority, and was traveling towards the Alexandria Bay Port of Entry.

6.      At approximately 12:09 a.m., a white sedan matching the Target Vehicle approached the inspection lane at the Alexandria Bay Port of Entry. The Target Vehicle did not stop at the inspection booth and continued south towards Interstate 81. The CBPOs attempted to yell at the driver—later identified as JONES—to stop, and other CBPOs arranged their CBP Government Vehicles in an effort to stop JONES from continuing.

7.      At approximately 12:11 a.m., JONES turned the Target Vehicle around and drove northbound, back towards the inspection lane. As she was driving, a marked CBP Government vehicle was driving next to her with its emergency lights activated. JONES turned around again in an attempt to drive back southbound towards Interstate 81.

8.      Multiple CBPO units attempted to prevent JONES from evading the Port of Entry at this time. Some CBPOs utilized vehicle immobilization devices to deflate the tires on the Target

2

Vehicle. CBPOs were also giving multiple lawful commands to JONES to stop driving, turn off the vehicle, and get out of the car. JONES was not responding to any commands and refused to get out of the vehicle.

9. At approximately 12:12 a.m., a CBPO approached JONES' vehicle and struck her driver's side window with a collapsible steel baton in an effort to break the window. The CBPO ordered JONES to shut off the vehicle, and JONES responded, "I'm not turning it off." The CBPO told JONES that she needed to get out of the vehicle, and JONES responded to law enforcement by saying, "You are not removing me from this car." The CBPO attempted to extract JONES from the vehicle via the now-broken window, and JONES began to drive in reverse, nearly crushing the CBPO's legs between JONES's vehicle and a CBP Government Vehicle. The CBPO quickly slid his body onto the hood of the two vehicles to avoid leg injuries, and as JONES drove forward, the CBPO removed his arms from the interior of JONES's vehicle. As he did so, his hands and arms were cut by the broken glass. JONES fled the inspection area at a high rate of speed, leaving tire traction marks on the pavement. JONES was also seen failing to stop at a stop sign while leaving the Port of Entry Inspection area.

10. JONES continued to travel southbound on Interstate 81 at a high rate of speed as CBPOs followed her with lights and sirens activated. Approximately ten miles south of the Port of Entry, JONES lost control of the Target Vehicle and crashed into a ditch area off of Interstate 81.

11. JONES and the CBPO were transported to local hospitals for treatment of their injuries. The CBPO incurred multiple lacerations that needed stitches, and JONES was treated for her injuries.

3

12.     Law enforcement responded to the Port of Entry on June 24, 2026, to interview JONES. JONES waived her *Miranda* rights and agreed to speak with me without an attorney present. JONES admitted that she was trying to escape the border area without inspection. JONES acknowledged that she knew the CBPO was attempting to turn off her vehicle to get her to comply, and that she refused to do so. JONES also admitted travelling at approximately 130 mph during her subsequent flight from the CBPOs.

**CONCLUSION**

WHEREFORE, I respectfully submit that the foregoing facts establish probable cause to believe that Maddesyn JONES violated Title 18, United States Code, Section 111, assaulting, resisting, or impeding, certain officers or employees.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE

REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

LINDSEY R VALENTINO
Digitally signed by LINDSEY R VALENTINO
Date: 2026.06.24 17:40:43 -04'00'

Lindsey Valentino, Special Agent
Homeland Security Investigations

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by video conference on June 24, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Miroslav Lovric
United States Magistrate Judge

4